UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLEY G.,<br><br>                    Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                    Defendant. | Case No.: 21-cv-572-BGS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

On April 1, 2021, Plaintiff Carley G. filed a Complaint seeking judicial review of a decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. (ECF No. 1.) Plaintiff has not paid the civil filing fee required to commence this action. Before this Court is a Motion to Proceed *In Forma Pauperis* ("IFP") filed by Plaintiff. (ECF No. 2.)

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a); *see* 28 U.S.C. § 1914(a) (requiring a party instituting a civil action to pay a filing fee of $350 as well as a $50 administrative fee). An action may proceed despite a plaintiff's failure to prepay the entire fee only if plaintiff is granted leave to proceed IFP

1

pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). The determination of indigency falls within the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds by*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 f.3D 938, 940 (9th Cir. 1981). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessitates of life." *Id*. "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D. R.I.)

Based on the information provided (ECF 2), the Court finds that Plaintiff is unable to pay the required filing fee. *See, e.g.*, *Jefferson*, 277 F.2d at 725 ("One need not be absolutely destitute to obtain [the] benefits of the in forma pauperis statute."); *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (noting "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status," but, "[w]hatever the standard, $350 is a lot of money to many millions of Americans"). Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF

No. 2) and **ORDERS** as follows:

    1.    The United States Marshal shall serve a copy of the Complaint filed on April 1, 2021 and an accompanying summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

    2.    Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant or Defendant's counsel and the date of service.

**IT IS SO ORDERED.**

Dated: April 21, 2021

                                                  Hon. Bernard G. Skomal
                                                United States Magistrate Judge